Adrian R. Bacon
**The Law Offices of Todd M. Friedman, P.C.**
21031 Ventura Blvd, Ste. 340
Woodland Hills, CA 91364
Tele: (323) 306-4234
abacon@toddflaw.com

Alex D. Kruzyk* (to seek admission *pro hac vice*)
akruzyk@pkglegal.com
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
7500 Rialto Blvd. Suite 1-250
Austin, Texas 78735
Tele: (561) 726-8444

*Counsel for Plaintiff and the proposed class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kevin Johnson, *on behalf of himself and all others similarly situated*, | ) Case No. ) |
| Plaintiff, | ) **CLASS ACTION COMPLAINT** ) |
| vs. | ) **JURY TRIAL DEMANDED** ) |
| Serve All, Help All, Inc. d/b/a Nonprofit Alliance of Consumer Advocates, Faith First Bancorp, Inc., and CDLG, PC d/b/a Consumer Defense Law Group, | ) ) ) ) ) ) |
| Defendants. | ) |

Class Action Complaint - 1

## Nature of this Action

1. Kevin Johnson ("Plaintiff"), individually and on behalf of all others similarly situated, brings this class action against Serve All, Help All, Inc. d/b/a Nonprofit Alliance of Consumer Advocates ("SAHA"), Faith First Bancorp, Inc. ("FFB"), and CDLG, PC d/b/a Consumer Defense Law Group ("CDLG") (together, "Defendants") under the Telephone Consumer Protection Act ("TCPA").

2. Upon information and good faith belief, SAHA routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice to place non-emergency calls to telephone numbers assigned to a cellular telephone service without prior express consent, in that SAHA places autodialed and prerecorded or artificial voice calls to cellular telephone numbers absent prior express consent.

3. Specifically, SAHA routinely delivers prerecorded messages to suspected homeowners who SAHA suspects are at risk of foreclosure in a purported effort to provide foreclosure relief services.

4. Upon information and good faith belief, SAHA instead uses that pretense to funnel those consumers to various for-profit enterprises, including law firms, banks, and real estate agents, including CDLG and FFB.

5. Additionally, upon information and good faith belief, CDLG and FFB are aware of how SAHA procures consumer clients for their businesses, approves of those methods, and works with SAHA to procure additional consumer leads for their own pecuniary benefit.

## Parties

6. Plaintiff is a natural person who at all relevant times resided in Petaluma, California.

7. SAHA is a California corporation that purports to be a non-profit charitable organization that focuses on both (1) assisting consumers with home ownership; and (2) developing a university in India.

Class Action Complaint - 2

8. SAHA also does business as the "Nonprofit Alliance of Consumer Advocates," which is headquartered in Costa Mesa, California.

9. CDLG is a California professional corporation that operates as a law firm headquartered in Costa Mesa, California.

10. FFB is a California corporation headquartered in Costa Mesa, California.

## Jurisdiction and Venue

11. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(1)(a)(iii), and 28 U.S.C. § 1331.

12. Venue is proper before this Court under 28 U.S.C. § 1391(b)(1) as both Plaintiff and all Defendants are based in this district and a significant portion of the events giving rise to this action occurred in this district.

13. In particular, SAHA directed its solicitation calls to Plaintiff's telephone in this district, and Plaintiff received SAHA's solicitation calls in this district.

## Factual Allegations

14. Plaintiff is, and has been at all times relevant to this action, the regular and sole user of his cellular telephone number—(707) 564-XXXX.

15. Beginning in December of 2023, Plaintiff received at least four calls and prerecorded voicemail messages to his cellular telephone from (844) 622-2242.

16. Each of these voicemail messages identified a potential foreclosure and offered SAHA's services regarding that pending foreclosure.

17. For example, Plaintiff received the following voicemail messages from SAHA:

Class Action Complaint - 3



18. A sample of one of these voicemail messages can be found HERE.

19. Plaintiff did not need any foreclosure assistance for his, or any, home, and he did not request any foreclosure-related services from SAHA.

20. Plaintiff did not know who SAHA is, nor did Plaintiff give SAHA his prior express consent to receive artificial or prerecorded voice messages to his cellular telephone number.

21. In response to these unsolicited calls, *many* consumers have reported that SAHA's non-profit, charitable representations give way to a referral to predatory business practices involving referrals to FFB or CDLG, including:





Class Action Complaint - 5





22. Moreover, SAHA acknowledges that its referral of consumers to for-profit entities is part of its operational model.

23. Specifically, in another TCPA action filed against SAHA, SAHA's representative stated in a sworn declaration that it refers consumers to FFB for mortgage refinances and "real estate services," and that it would also send consumers to specific law firms—such as CDLG—for paid representation. *See* Exhibit A.

24. Moreover, a plethora of consumer complaints tie FBB, SAHA, and CDLG together, with numerous consumers suggesting that SAHA funnels consumers to FBB for loans or real estate services, and CDLG for legal representation related to those matters, all of which resulted in "scam" or "fraud" allegations against those entities and the persons running them.[1]

25. Additionally, in responding to some negative consumer reviews,

---

[1] *See* https://consumer-defense-law-group.pissedconsumer.com/complaints/RT-P.html (last visited May 22, 2024).

SAHA indicated that it had the ability to "contact Consumer Defense Law Group on her behalf and request a full re-imbursement of whatever legal fee she may have paid the Attorney we recommended to her."[2]

26. Lastly, upon information and good faith belief, FFB is owned by a close relative of the owner of SAHA; specifically, Elizabeth Poe is the sister of Pepi Abad Vega, who is both a "senior financial advisor" for FBB and a "loss mitigation and mortgage director" for SAHA.

27. Upon information and belief, FFB and CDLG knew or should have known that SAHA markets "foreclosure assistance" services to consumers via prerecorded voice messages for the benefit of Defendants.

28. As a result, upon information and good faith belief, Defendants all act in concert in marketing "foreclosure assistance" services to consumers via prerecorded voice messages delivered by SAHA, and FFB and CDLG each share an agent/principal relationship with SAHA with respect to SAHA's marketing efforts, which include unsolicited calling of consumers using prerecorded voice calls.

29. Moreover, by accepting referrals from SAHA from consumers that they knew were contacted by unsolicited prerecorded voice messages, FFB and CDLG ratified SAHA's conduct.

30. Plaintiff is not, and was not, interested in Defendants' services or marketing.

31. Plaintiff did not give Defendants prior express consent to place calls to his cellular telephone number by using an artificial or prerecorded voice.

32. Upon information and belief, and in light of the nature and character of the voicemail messages at issue, as well as the nature and character of the delivery of repeated identical audio messages, SAHA used a prerecorded voice to

---

[2] https://www.yelp.com/biz/nonprofit-alliance-of-consumer-advocates-costa-mesa?start=10&rr=1 (last visited May 22, 2024).

deliver calls to Plaintiff's cellular telephone number.

33. Upon information and belief, SAHA placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

34. Upon information and belief, SAHA placed its calls to Plaintiff's cellular telephone number voluntarily.

35. Upon information and belief, SAHA placed its calls to Plaintiff's cellular telephone number under its own free will.

36. Upon information and belief, SAHA had knowledge that it was using an artificial or prerecorded voice to place its calls to Plaintiff's cellular telephone number.

37. Upon information and belief, SAHA intended to use an artificial or prerecorded voice to place its calls to Plaintiff's cellular telephone number.

38. The purpose of the solicitation calls at issue was to advertise and to market Defendants' businesses or services.

39. Plaintiff suffered actual harm as a result of the calls at issue in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

## Class Action Allegations

40. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class (the "Class"):

> All persons and entities throughout the United States (1) to which Serve All, Help All, Inc. placed, or caused to be placed, a call (2) directed to a number assigned to a cellular telephone service, (3) in connection with which Serve All, Help All, Inc. used an artificial or prerecorded voice, (4) within four years preceding the date of this complaint through the date of class certification.

41. Excluded from the Class are Defendants, Defendants' officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

42. Upon information and belief, the members of the Class are so numerous that joinder of all of them is impracticable.

43. The exact number of members of the Class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

44. The members of the Class are ascertainable because the Class is defined by reference to objective criteria.

45. In addition, the members of the Class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendants, and by third parties, including members of the Class.

46. Plaintiff's claims are typical of the claims of the members of the Class.

47. As it did for all members of the Class, SAHA used an artificial or prerecorded voice in the calls SAHA placed to Plaintiff's cellular telephone number.

48. Plaintiff's claims, and the claims of the members of the Class, originate from the same conduct, practice, and procedure on the part of Defendants.

49. Plaintiff's claims are based on the same theories as are the claims of the members of the Class.

50. Plaintiff suffered the same injuries as the members of the Class.

51. Plaintiff will fairly and adequately protect the interests of the members of the Class.

52. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the Class.

53. Plaintiff will vigorously pursue the claims of the members of the Class.

54. Plaintiff has retained counsel experienced and competent in class action litigation.

55. Plaintiff's counsel will vigorously pursue this matter.

56. Plaintiff's counsel will assert, protect, and otherwise represent the members of the Class.

57. The questions of law and fact common to the members of the Class predominate over questions that may affect individual members of the Class.

58. Issues of law and fact common to all members of the Class include:
   a. SAHA's use of an artificial or prerecorded voice in the calls it placed to cellular telephone numbers;
   b. SAHA's conduct, patterns, and practices as it pertains to delivering advertisement and telemarketing solicitation calls;
   c. The extent of the relationship between SAHA and CDLG, as well as SAHA and FFB;
   d. CDLG's and FFB's liability for SAHA's conduct;
   e. Whether CDLG and FFB share an agent/principal relationship with SAHA;
   f. Defendants' violations of the TCPA; and
   g. The availability of statutory penalties.

59. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

60. If brought and prosecuted individually, the claims of the members of the Class would require proof of the same material and substantive facts.

61. The pursuit of separate actions by individual members of the Class would, as a practical matter, be dispositive of the interests of other members of the Class, and could substantially impair or impede their ability to protect their interests.

62. The pursuit of separate actions by individual members of the Class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendants.

63. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the Class.

64. The damages suffered by the individual member of the Class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the Class to redress the wrongs done to them.

65. The pursuit of Plaintiff's claims, and the claims of the members of the Class, in one forum will achieve efficiency and promote judicial economy.

66. There will be no extraordinary difficulty in the management of this action as a class action.

67. Defendants acted or refused to act on grounds generally applicable to the members of the Class, making final declaratory or injunctive relief appropriate.

## Count I

## Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

## On behalf of the Class

68. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-67.

69. SAHA violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing, or causing another to place, artificial or prerecorded voice messages to Plaintiff's cellular telephone number, without prior express consent.

70. CDGL and FFB are also liable for SAHA's violations of the TCPA, because (1) SAHA, CDGL, and FFB shared an agent/principal relationship with respect to SAHA's marketing campaign; (2) CDGL and FFB ratified SAHA's conduct by accepting exclusive referrals from SAHA that they knew were a product of SAHA's outbound telemarketing campaign.

71. As a result of Defendants' violations of 47 U.S.C. § 227(b)(1)(A)(iii),

Plaintiff, and the members of the Class, are entitled to damages in an amount to be proven at trial.

## Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Determining that this action is a proper class action;

b. Designating Plaintiff as a class representative of the proposed Class under Federal Rule of Civil Procedure 23;

c. Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d. Adjudging and declaring that Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii);

e. Enjoining Defendants from continuing their violative behavior, including placing telephone calls with the use of an artificial or prerecorded voice absent prior express consent;

f. Awarding Plaintiff and the members of the Class damages under 47 U.S.C. § 227(b)(3)(B);

g. Awarding Plaintiff and the members of the Class treble damages under 47 U.S.C. § 227(b)(3)(C);

h. Awarding Plaintiff and the members of the Class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i. Awarding Plaintiff and the members of the Class any pre-judgment and post-judgment interest as may be allowed under the law; and

j. Awarding such other and further relief as the Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Date: May 23, 2024  By:   /s/ Adrian R. Bacon

        Adrian R. Bacon
        **The Law Offices of Todd M. Friedman, P.C.**
        21031 Ventura Blvd, Ste. 340
        Woodland Hills, CA 91364
        Tele: (323) 306-4234
        abacon@toddflaw.com

        Alex D. Kruzyk* (to seek admission *pro hac vice*)
        akruzyk@pkglegal.com
        **PARDELL, KRUZYK & GIRIBALDO, PLLC**
        7500 Rialto Blvd. Suite 1-250
        Austin, Texas 78735
        Tele: (561) 726-8444
        akruzyk@pkglegal.com

        *Counsel for Plaintiff and the proposed classes*