Adrian R. Bacon
**The Law Offices of Todd M. Friedman, P.C.**
21031 Ventura Blvd, Ste. 340
Woodland Hills, CA 91364
Tele: (323) 306-4234
abacon@toddflaw.com

Alex D. Kruzyk* (*pro hac vice*)
akruzyk@pkglegal.com
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
7500 Rialto Blvd. Suite 1-250
Austin, Texas 78735
Tele: (561) 726-8444

*Counsel for Plaintiff and the proposed class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kevin Johnson, *on behalf of himself and all others similarly situated*,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>Serve All, Help All, Inc. d/b/a Nonprofit Alliance of Consumer Advocates, Faith First Bancorp, Inc., and CDLG, PC d/b/a Consumer Defense Law Group,<br><br>　　　　Defendants. | Case No. 8:24-cv-01108-FLA (KESx)<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>**Date:** February 14, 2025<br>**Time:** 1:30 p.m.<br>**Judge:** Hon. Fernando L. Aenlle-Rocha<br>**Courtroom:** 6B<br>**Action Filed:** 5/24/24<br>**Trial Date:** Not Set |

Motion for Leave to File Amended Complaint - 1

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD

      PLEASE TAKE NOTICE that on February 14, 2025 at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Fernando L. Aenlle-Rocha, in Courtroom 6B of the First Street Courthouse, located at 350 W. 1st Street, Courtroom 6B, 6th Floor, Los Angeles, California 90012, Kevin Johnson ("Plaintiff") will, and hereby does, seek for leave to file an amended complaint. Specifically, Plaintiff seeks leave to file an amended complaint, naming an additional entity, Professional Business Management Corporation ("PBM"), a for-profit affiliate of Serve All, Help All, Inc. d/b/a Nonprofit Alliance of Consumer Advocates ("SAHA").

      This motion is made following conference of counsel pursuant to L.R. 7-3, which took place on January 6, 2025.

      This motion is based upon this Notice of Motion, the attached Memorandum, the record, pleadings, and papers on file herein, and upon such other further arguments as may be presented before or at the time of the hearing.

Date: <u>January 13, 2025</u>.

/s/ *Alex D. Kruzyk*
Alex D. Kruzyk* (pro hac vice)
akruzyk@pkglegal.com
**Pardell, Kruzyk & Giribaldo, PLLC**
7500 Rialto Blvd. Suite 1-250
Austin, Texas 78735
Tele: (561) 726-8444

Adrian R. Bacon
**The Law Offices of Todd M. Friedman, P.C.**
21031 Ventura Blvd, Ste. 340
Woodland Hills, CA 91364
Tele: (323) 306-4234
abacon@toddflaw.com

*Counsel for Plaintiff and the proposed class*

Motion for Leave to File Amended Complaint - 2

# MEMORANDUM OF POINTS AND AUTHORITIES
# IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

## I.     INTRODUCTION

This matter arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), in which Plaintiff alleges that SAHA, Faith First Bancorp, Inc. ("FFB"), and CDLG, PC d/b/a Consumer Defense Law Group ("CDLG") (SAHA, FFB, and CDLG are together, "Defendants") engaged in a robocalling enterprise through which SAHA—a self-described charity and non-profit—would deliver artificial or prerecorded voice messages to consumers it suspected were in or near foreclosure, absent prior express consent, for the purpose of soliciting those consumers to thereafter sign up for a suite of services offered by SAHA and its affiliate partners, which include FFB and CDLG.

SAHA contends, via a still-pending motion to dismiss, ECF No. 23, that it is entitled to robocall without consent in perpetuity because it is a non-profit entity. However, discovery has revealed that SAHA is managed and staffed by another entity, PBM, which also obtains revenue via its referral of consumers to Defendants' for-profit enterprise. For that reason, Plaintiff seeks leave to amend his complaint to include PBM as a defendant.

Curiously, Defendants failed to identify PBM through their initial disclosures. *See* Composite Initial Disclosures, attached as Exhibit A. Notwithstanding, Plaintiff served initial discovery requests on FFB on September 20, 2024, and later to SAHA on November 5, 2024. FFB served its initial discovery responses on November 5, 2024, following a consented extension, although those discovery responses remain insufficient, documents remain outstanding, and the discovery responses remain the subject of pending conferral and potential discovery motion practice. *See* Declaration of Alex D. Kruzyk, attached as Exhibit B, at ¶¶ 7-10; FFB's written discovery responses, attached as Exhibit C. SAHA served its

initial discovery responses, also following multiple extensions, on December 20, 2024. *See* SAHA's written discovery responses, attached as Exhibit D. Those discovery responses likewise remain insufficient, and are the subject of pending conferral and potential discovery motion practice. However, these discovery responses do reveal that PBM is the revenue-generating arm of SAHA's so-called charitable enterprise, and it directly benefits financially from SAHA's robocalling and subsequent referrals to for-profit entities like FFB and CDLG.

Despite Plaintiff's repeated and generous extensions of time to complete discovery, Defendants now seek to oppose amendment, and following written conferral between counsel for the parties on December 21, 2024, January, 3, 2025, and January 6, 2025, and telephone conferring with counsel for SAHA on January 6, 2025, counsel for Defendants indicated that they would not consent to Plaintiff's filing of an amended complaint. Ex. B at ¶¶ 15-20. For that reason, Plaintiff's motion for leave to file an amended complaint is opposed by Defendants.

## II.   STANDARD OF LAW

The Federal Rules of Civil Procedure permit a party to amend its pleading "once as a matter of course" within 21 days of service or the defendant's service of a responsive pleading, but afterwards "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)-(2). "The court should freely give leave when justice so requires." *Id.* at 15(a)(2). The Ninth Circuit mandates that Rule 15 be applied with "extreme liberality." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991). Courts within the Ninth Circuit consider five factors to determine whether to grant leave to amend under Rule 15(a): "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004).

When the deadline for seeking leave to amend pleadings has expired, a court must first determine whether to modify the scheduling order under the Federal Rule

of Civil Procedure 16(b)(4) "good cause" standard. *See S & W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003). The good caus**e** standard primarily concerns the moving party's "diligence," with "the focus of the inquiry . . . upon the moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "If the moving party was not diligent, then it cannot establish good cause, and the inquiry should end. If, however, the party seeking to amend its pleadings shows 'good cause' under Rule 16(b), the party must then demonstrate under Rule 15 that amendment is proper." *Reed v. Universal City Studios LLC*, No. 2:24-cv-00119-SPG-JPR, 2024 U.S. Dist. LEXIS 216576, at *2 (C.D. Cal. Sep. 10, 2024). As a general rule, the Ninth Circuit instructs that district courts "should generally allow amendments of pre-trial orders when no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court will be slight." *Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27-28 (9th Cir. 1980).

### III.   ARGUMENT

Because this motion seeks leave for Plaintiff to amend its complaint after the corresponding deadline established by this Court's original scheduling order, *see* ECF No. 36, Plaintiff must comply with both Rule 16(a)(4) and Rule 15(a)(2). For the reasons explained below, Plaintiff readily does so.

#### A.   Plaintiff satisfies Rule 16(b)(4)'s good cause standard to allow for post-deadline amendment.

Plaintiff demonstrates good cause to file an amended complaint based on the procedural posture and facts of this case.

As explained *supra* Standard of Law, Plaintiff satisfies Rule 16(b)(4)'s good cause standard if he acted diligently in pursuing amendment. "To demonstrate it acted diligently, a party must show (1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment

has been discovered." *Amgen Inc. v. Sandoz Inc.*, No. 14-CV-04741-RS (MEJ), 2017 U.S. Dist. LEXIS 59232, at *5 (N.D. Cal. Apr. 18, 2017).

  For general context, this TCPA action is somewhat factually atypical: there is no realistic dispute that SAHA delivered artificial or prerecorded voice messages to Plaintiff's cellular telephone number with consent, nor is there any realistic argument that defense is an individualized inquiry: SAHA acknowledges that it delivers these messages without prior express consent as a matter of course. *See* ECF No. 1-1. The only true issue before the Court is whether SAHA's robocalling campaign, through which it purports to be a non-profit charitable operation but later seeks to refer consumers to various for-profit enterprises[1] owned by an apparent web of family members and interconnected relations, *see, e.g.*, ECF No. 1 at ¶ 26, contemplates liability for the recipients of these referrals as part of a joint robocalling enterprise.

  Plaintiff has diligently sought discovery on this issue. On September 20, 2024, Plaintiff served initial discovery requests on FFB. Ex. B at ¶ 7. On October 16, 2024, FFB sought a 15-day extension of time to respond to the discovery requests, which Plaintiff granted. *Id.* at ¶ 8. On November 5, 2024, FFB served its initial written discovery responses, but failed to serve any documents other than FFB's publicly available Secretary of State filings and a real estate license lookup page, and FFB later provided additional documents on November 21, 2024. *Id.* at ¶ 9.

  On November 5, 2024—the same day that FFB served its initial (and deficient) discovery responses—Plaintiff served consolidated discovery requests on SAHA. *Id.* at ¶ 10. On December 2, 2024, SAHA requested a two-week extension to serve its discovery responses, which Plaintiff granted. *Id.* at ¶¶ 11-12. On December 19, 2024, SAHA requested an additional extension of time to serve its

---

[1]  Notably, Defendants' conduct is also subject to much litigation in other unrelated matters involving consumer fraud. *See, e.g.*, ECF Nos. 32-1 and 32-2.

Motion for Leave to File Amended Complaint - 6

discovery responses, to which counsel for Plaintiff granted, while noting the imminent deadline to amend pleadings. *Id.* at ¶ 13.  On December 20, 2024, SAHA served its discovery responses, through which it confirmed PBM's critical role in the joint enterprise: PBM is a for-profit corporation that provides staffing for SAHA (and, apparently, FFB), refers consumers from SAHA to FFB, CDLG (and presumably others), and receives revenue from these referrals. Ex. D at Answer to Interrogatory Nos. 4-6, 17-18, and 22. These responses prompted Plaintiff to seek Defendants' consent to file an amended complaint, which Plaintiff requested on December 21, 2024. Ex. B at ¶ 15. Following repeated follow-ups, on January, 3, 2025, and January 6, 2025, on January 6, 2025 counsel for SAHA confirmed its opposition, and on January 7, 2025, counsel for FFB and CDLG confirmed their opposition. *Id.* at ¶¶ 16-20. However, in the event that the Court grants Plaintiff's request to file an amended complaint, Plaintiff and SAHA confirmed that—to remove any burden of filing the amended complaint on the Court and the parties—Plaintiff and SAHA would stipulate to the parties' motion to dismiss briefing to apply to the amended complaint, so that the filing of the amended complaint would not moot the parties' closed briefing.  *Id.* at ¶¶ 21-22.

   Thus, Plaintiff acted swiftly and diligently in seeking the relevant information necessary to determine if PBM should be a party to this litigation, and swiftly sought Defendants' consent to file an amended complaint. Defendants delayed in providing their opposition, and once that opposition was affirmed, Plaintiff immediately filed this motion. This demonstrates the diligence necessary to satisfy Rule 16(b)(4).

   Moreover, had Defendants disclosed the relevance and identity of PBM in their initial disclosures, it is likely that Plaintiff could have sought leave prior to the parties' agreed December 27, 2024 deadline to file an amended complaint. However, Defendants failed to identify PBM in their initial disclosures. This further supports Plaintiff's request for leave to file an amended complaint, given that the

Motion for Leave to File Amended Complaint - 7

relevance of SAHA's for-profit branch is critical to this matter, particularly in light of SAHA's pending motion to dismiss, which is—albeit incorrectly—premised on the basis that it is a non-profit charity whose robocalling is permitted by virtue of that status. *See Mendoza v. Cty. of San Bernardino*, No. EDCV19-1056 JGB (SHKx), 2021 U.S. Dist. LEXIS 147275, at *9 (C.D. Cal. June 4, 2021) (finding that a failure to identify parties in initial disclosures supports request for amendment, because "Defendants should have also identified the Proposed Defendants in their Initial Disclosures, and Plaintiffs were reasonably diligent."); *Shidler v. Cty. of San Bernardino*, No. 5:19-cv-00503-AB-SHK, 2020 U.S. Dist. LEXIS 256645, at *7 (C.D. Cal. July 28, 2020) (same).

Lastly, Defendants are at risk of no substantial injury given that this matter is still in its early stages—*see supra* Argument § B—meaning that no continuance of trial will be required, which thus presents a minimal, if not nonexistent, inconvenience to the Court. Similarly, to preclude Plaintiff from naming an additional party uncovered as a result of discovery (and not disclosed by Defendants) would manifest in substantial prejudice in the event that party is ultimately found liable for Plaintiff's claims.

Given Plaintiff's diligence in seeking discovery and moving for leave to amend upon receiving pertinent discovery identifying PBM as a proper defendant in this matter, the Court should find that Plaintiff satisfies Rule 16(b)(4)'s good cause standard to file an amended complaint.

### B.  Plaintiff satisfies Rule 15(a)'s five-factor test to allow for the filing of an amended complaint.

Plaintiff readily satisfies the five-factor test for granting leave to amend under Rule 15(a).

As to the first factors, "bad faith" or "undue delay," Defendants have no basis to suggest that Plaintiff acted in bad faith or delayed improperly by seeking amendment. Rather, Plaintiff's desire to file an amended complaint is driven solely

by the fact that discovery responses *served on December 20, 2024*[2] indicate that (1) SAHA uses PBM to refer consumers to its for-profit affiliates, FFB and CDLG; (2) PBM received revenue in exchange for referring consumers to its other affiliates; (3) one of the directors of SAHA is married to the president of PBM; and (4) PBM provides staffing for SAHA, "including loan processing for private or direct investors." *See* Ex. D at Answer to Interrogatory Nos. 4-6, 17-18, and 22. In other words, PBM is intimately linked to, and integral part of, Defendants' enterprise, yet Defendants collectively elected not to identify PBM in their initial disclosures. *See* Ex. A. Within one day of receiving SAHA's discovery responses, on December 21, 2024—and before the December 27, 2024 deadline for hearings on motions for leave to amend or add parties—Plaintiff communicated with Defendants his desire to seek leave to file an amended complaint from Defendants, and Defendants communicated their opposition on January 6 and 7, 2025. Ex. B at ¶¶ 15-20. Given Local Rule L.R. 7-3's requirement that this motion be filed at least 7 days after a conferral with opposing counsel, Plaintiff could not file until seven days after Defendants communicated their opposition.

Regarding the third factor—prejudice to the other parties—Plaintiff similarly satisfies this requirement. No other deadlines would be impacted by Plaintiff's filing of an amended complaint. FFB and CDLG cannot claim prejudice given that the amendment pertains to the addition of an additional party that they purport is

---

[2] Plaintiff initially served discovery in a phased approach, with initial discovery requests served on FFB on September 20, 2024, and discovery served on SAHA on November 5, 2024—the same day that FFB provided its initial written discovery responses. In a good faith attempt to cooperate in the orderly administration of discovery and accommodate counsel for Defendants, Plaintiff granted both FFB and SAHA multiple requests for extensions of time to serve their respective discovery responses. However, it would go against the principles of fairness for Plaintiff's good faith actions in granting multiple requests for extensions of time to be used against him in evaluating the five-factor test under Rule 15(a).

unrelated to them, and there are no pending motions, disputes, or discovery matters that would affect Plaintiff's claims against FFB and CDLG that would be affected by any amendment. With respect to SAHA, SAHA's only potential claim of prejudice would be the pendency of its motion to dismiss. ECF No. 23. However, that should be given little weight because, among other things, (1) SAHA's motion to dismiss is predicated on interpreting an incorrect portion of the TCPA and therefore is of little merit, *see* ECF No. 32 at Argument § I.A; (2) Plaintiff's proposed amended complaint does not add any new causes of action against SAHA or change their underlying argument in any way; and (3) Plaintiff and SAHA stipulated that the motion to dismiss would be applicable to Plaintiff's amended complaint in the event that the Court grants *this* motion, thereby entirely nullifying any concerns about mooting or necessitating the refiling of the motion to dismiss.

Similarly, adding PBM as a defendant would not cause any undue prejudice against it. In addition to the relative nascency of this case, PBM and Defendants share ownership, *and even share legal counsel in other matters involving allegations against Defendants' enterprise*. *See* Exhibit E (Declaration of Jesse Thaler, counsel for FFB and CDLG, stating that "I am currently counsel of record for Defendants [SAHA]; Purandar A. Amin; Rhutu Amin Gharib; [PBM]; Sindey Avalos; [CDLG]; Anthony Cara" in a state court case). And, given the underlying purpose of amendment—including PBM as a defendant because of its intimate involvement in Defendants' operation—PBM is minimally prejudiced by involvement in this matter, given the early stage of the case, and its likely intimate connection to the parties, their counsel, and the facts.

The fourth factor—futility—similarly supports Plaintiff's request to file an amended complaint. "Demonstrating futility in the context of seeking leave to amend is a high bar; '[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.'" *Koji Jitosho v. Round Table Pizza, Inc.*, No. 2:24-cv-

02720-SPG-PD, 2024 U.S. Dist. LEXIS 192882, at *4 (C.D. Cal. Oct. 23, 2024) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Plaintiff seeks leave to amend his complaint to include PBM as a potential defendant *because* PBM is the revenue-generating arm of SAHA, the purported non-profit responsible for robocalling Plaintiff and the proposed class members, and the entity that receives revenue as a result of referrals for real estate and legal transactions involving FFB and CDLG. Thus, Plaintiff has a plausible claim that PBM is directly or vicariously liable for Defendants' violations of the TCPA, and he should certainly test that theory through discovery and an adjudication on the merits.

Lastly, this is Plaintiff's first attempt to amend his complaint.

Thus, Plaintiff readily satisfies each of the Rule 15(a) factors supporting his request for leave to file an amended complaint. Therefore, the Court should permit Plaintiff to file the amended complaint attached as Exhibit F.

### IV. CONCLUSION

For the above reasons, Plaintiff respectfully requests leave to file the amended complaint attached as Exhibit F in clean, and as Exhibit G in redline, as the operative complaint in this case.

Date: <u>January 13, 2025</u>.

*/s/ Alex D. Kruzyk*
Alex D. Kruzyk* (pro hac vice)
akruzyk@pkglegal.com
**Pardell, Kruzyk & Giribaldo, PLLC**
7500 Rialto Blvd. Suite 1-250
Austin, Texas 78735
Tele: (561) 726-8444

Adrian R. Bacon
**The Law Offices of Todd M. Friedman, P.C.**
21031 Ventura Blvd, Ste. 340
Woodland Hills, CA 91364
Tele: (323) 306-4234
abacon@toddflaw.com

*Counsel for Plaintiff and the proposed class*

**Certificate of Compliance**

The undersigned, counsel of record for Plaintiff, certifies that this brief contains 2825 words, which complies with the word limit of L.R. 11-6.1.

Date: January 13, 2025.

By: */s/ Alex D. Kruzyk*