Adrian R. Bacon
**The Law Offices of Todd M. Friedman, P.C.**
21031 Ventura Blvd, Ste. 340
Woodland Hills, CA 91364
Tele: (323) 306-4234
abacon@toddflaw.com

Alex D. Kruzyk* (*pro hac vice*)
akruzyk@pkglegal.com
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
7500 Rialto Blvd. Suite 1-250
Austin, Texas 78735
Tele: (561) 726-8444

*Counsel for Plaintiff and the proposed class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kevin Johnson, *on behalf of himself and all others similarly situated*, <br><br> Plaintiff, <br><br> vs. <br><br> Serve All, Help All, Inc. d/b/a Nonprofit Alliance of Consumer Advocates, Faith First Bancorp, Inc., and CDLG, PC d/b/a Consumer Defense Law Group, <br><br> Defendants. | Case No. 8:24-cv-01108-FLA (KESx) <br><br> **REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** <br><br> **Date:** February 14, 2025 <br> **Time:** 1:30 p.m. <br> **Judge:** Hon. Fernando L. Aenlle-Rocha <br> **Courtroom:** 6B <br> **Action Filed:** 5/24/24 <br> **Trial Date:** Not Set |

Reply in Support of Motion for Leave to File Amended Complaint - 1

In response to Kevin Johnson's ("Plaintiff") request for leave to file an amended complaint, Serve All, Help All, Inc. d/b/a Nonprofit Alliance of Consumer Advocates ("SAHA"), Faith First Bancorp, Inc. ("FFB"), and CDLG, PC d/b/a Consumer Defense Law Group ("CDLG") (SAHA, FFB, and CDLG are together, "Defendants") raise two fundamental arguments: (1) bad faith; and (2) futility. For the reasons explained below, those arguments are either profoundly undeveloped and incoherent, or simply a flat misread of the law.

## I.      Argument

### A.     FFB and CDLG completely fail to demonstrate "bad faith."

FFB and CDLG briefly respond in opposition to Plaintiff's request to amend by—to the extent that Plaintiff can understand their argument—suggesting that Plaintiff's proposed amendment is brought in bad faith. Specifically, FFB and CDLG, through their response in opposition, argue that Plaintiff is acting in bad faith by seeking amendment because "Plaintiff clearly knew or should have known he was going to proceed in this fashion given his attorney's knowledge of lawsuits alleging similar unsubstantiated facts and that the discovery responses have revealed that PBM is nothing more than a third-party company that provides business related services to the Defendants." ECF No. 44 at 2-3. Although they cite nothing and address none of Plaintiff's evidence, it appears that FFB and CDLG are arguing that, at some point prior to the amendment deadline, Plaintiff was aware that "unsubstantiated facts" in other unrelated lawsuits implicated the entity Plaintiff seeks to add via amendment: Professional Business Management Corporation ("PBM").

The Court should not credit FFB and CDLG's argument. "In the context of a motion for leave to amend, 'bad faith' means acting with intent to deceive, harass, mislead, delay, or disrupt." *Dexcom, Inc. v. AgaMatrix, Inc.*, No. CV 16-05947 SJO (ASx), 2017 U.S. Dist. LEXIS 174247, at *21 (C.D. Cal. Feb. 3, 2017). FFB and CDLG not only fail to provide any evidence that Plaintiff's requested amendment

is done for the purposes of deceiving, harassing, misleading, delaying, or disrupting the parties, FFB and CDLG do not even advance the argument aside from invoking the phrase "bad faith".

Conversely, Plaintiff demonstrates that he has acted diligently in this matter. Only after FFB and SAHA provided verified discovery responses evidencing that PBM was an integral part of the pipeline funneling consumers from the "charity" to the for-profit family business affiliates did Plaintiff seek leave to amend to add PBM. *See* ECF No. 40-2 at ¶¶ 10, 13-20. FFB and CDLG dispute none of that. Rather, they protest that Plaintiff should have sought amendment earlier because there are other lawsuits "alleging similar unsubstantiated facts." ECF No. 44 at 3. This argument is internally inconsistent on its face, given that Plaintiff only sought leave to amend after receiving verified discovery responses establishing PBM's involvement in the scheme, *rather than* blindly following what FFB and CDLG contend are "unsubstantiated facts." FFB and CDLG seem to protest simultaneously that those other lawsuits are "unsubstantiated" and therefore presumably invalid, but also that Plaintiff should have relied on them without substantiating them first.

The Court should accordingly reject FFB and CDLG's conclusory and unsubstantiated claim that Plaintiff is seeking amendment in "bad faith."

   **B.**  **SAHA's frivolity argument is premised on its ongoing citation to the wrong law.**

SAHA's opposition—premised on the "futility" of amendment—fares no better. SAHA premises this position on two underlying arguments: (1) that, as a charity, SAHA is entitled to robocall without consent and without recourse; and (2) that only the caller can be liable for placing the robocalls without consent. Ergo, as SAHA would have it, it can robocall consumers indefinitely, and then funnel those consumers to its for-profit affiliates, thereby concocting a scheme to immunize the various enterprises from TCPA liability. Not so, and SAHA's futility argument therefore necessarily fails.

Reply in Support of Motion for Leave to File Amended Complaint - 3

To be sure, "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Sweaney v. Ada Cnty.*, 119 F.3d 1385, 1393 (9th Cir. 1997). For that reason, "[d]enial of leave to amend on this ground is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003).

Through his proposed amendment, Plaintiff seeks leave to add PBM as a defendant on the basis that FFB and SAHA's sworn discovery responses demonstrate that PBM (1) provides business services for those entities; (2) is owned by the spouse of one of SAHA and FFB's executives; and (3) that PBM receives referral fees on behalf of SAHA when SAHA sends consumers it robocalls to its various for-profit affiliates. *See* ECF No. 40-6 at ¶¶ 32-42. In other words, Plaintiff seeks to allege that SAHA uses PBM to be the beneficiary for SAHA's for-profit robocalling. This can lead to liability for PBM based on an agency theory, such as ratification. *See Bumpus v. Realogy Brokerage Grp. LLC*, No. 3:19-cv-03309-JD, 2022 U.S. Dist. LEXIS 52650, at *21 (N.D. Cal. Mar. 23, 2022) ("Ratification of a third party's acts may be accomplished by 'knowing acceptance of the benefit' of the third party's actions or through willful ignorance.").

SAHA's argument simply fails to address these allegations, or that reality. Rather, it again leans on its facially incorrect argument that charities cannot be held liable for robocalling under the TCPA. That is wrong, for the reasons detailed in Plaintiff's response to SAHA's motion to dismiss. *See* ECF No. 32 at Argument § I. Simply put, SAHA continues to conflate telemarketing with robocalling—each of which have distinct statutory elements and requirements under the TCPA—and wrongly applies telemarketing regulations to its delivery of artificial or prerecorded voice messages without consent: the robocalling at issue. *Compare* 47 U.S.C. § 227(b)(1)(A)(iii) *with* § 227(b)(1)(B).

Reply in Support of Motion for Leave to File Amended Complaint - 4

Thus, for all of these reasons, the Court should reject SAHA's futility argument.

### C. Defendants do not present any compelling claim of burden.

Lastly, Defendants contend that amendment would impose undue burdens, but fail to meaningfully articulate what those burdens are or would be. SAHA argues that its discovery obligations could increase, but that is simply false: Plaintiff is entitled to—and *already is*—seeking discovery on these matters from SAHA, and amendment will not change that. *See, e.g.*, ECF No. 40-4 (containing several discovery requests directed at SAHA concerning its relationship and transactions with PBM as it relates to the robocalling scheme). And if PBM were not a party to the case, Plaintiff will subpoena it anyway, so it would likely be *more* efficient to conduct discovery with PBM as a party, rather than via subpoena.

Lastly, Defendants argue that allowing amendment would disrupt the case schedule, but again, fail to articulate how: SAHA has failed to produce a single document in response to Plaintiff's discovery requests to-date, demonstrating the nascency of proceedings, and FFB and CDLG fail to point to *anything* that would be changed, except for the potential for a follow-up scheduling conference, if one is so required. But, given that counsel for FFB and CDLG already represent PBM and SAHA in other matters, and given that PBM and Defendants are so closely interrelated, the parties need not change the schedule in this case whatsoever to accommodate Plaintiff's proposed amendment.

## II. Conclusion

For all of these reasons, Plaintiff respectfully requests that this Court grant his request for leave to file the amended complaint—ECF No. 40-6—attached to his motion for leave to file the amended complaint.

Date: <u>January 30, 2025</u>.           */s/ Alex D. Kruzyk*
                                          Alex D. Kruzyk* (pro hac vice)
                                          akruzyk@pkglegal.com

Reply in Support of Motion for Leave to File Amended Complaint - 5

**Pardell, Kruzyk & Giribaldo, PLLC**
7500 Rialto Blvd. Suite 1-250
Austin, Texas 78735
Tele: (561) 726-8444

Adrian R. Bacon
**The Law Offices of Todd M. Friedman, P.C.**
21031 Ventura Blvd, Ste. 340
Woodland Hills, CA 91364
Tele: (323) 306-4234
abacon@toddflaw.com

*Counsel for Plaintiff and the proposed class*

**Certificate of Compliance**

The undersigned, counsel of record for Plaintiff, certifies that this brief contains 1,261 words, which complies with the word limit of L.R. 11-6.1 and this Court's instruction at ECF No. 14.

Date: <u>January 30, 2025</u>.

By: <u>*/s/ Alex D. Kruzyk*</u>

Reply in Support of Motion for Leave to File Amended Complaint - 6