UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN JOHNSON,<br><br>            Plaintiff,<br><br>       v.<br><br>SERVE ALL, HELP, INC., *et al.*,<br><br>            Defendants. | Case No. 8:24-cv-01108-FLA (KESx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT [DKT. 40] AND DENYING AS MOOT DEFENDANT SERVE ALL, HELP ALL, INC.'S MOTION TO DISMISS CLASS ACTION COMPLAINT [DKT. 23]** |

1

## RULING

Before the court is Plaintiff Kevin Johnson's ("Plaintiff" or "Johnson") Motion for Leave to File an Amended Complaint ("Motion"). Dkt. 40 ("Mot.").[1] Defendants Faith First Bancorp, Inc. ("FFB") and Consumer Defense Law Group, PC. ("CDLG," erroneously sued as CDLG, PC) and Defendant Serve All, Help All, Inc. ("SAHA") (collectively, "Defendants") filed separate oppositions to the Motion. Dkt. 44 ("FFB & CDLG Opp'n"); Dkt. 45 ("SAHA Opp'n"). On February 12, 2025, the court found this matter appropriate for resolution without oral argument and vacated the hearing set for February 14, 2025. Dkt. 52; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated herein, the court GRANTS Plaintiff's Motion. Plaintiff shall file his First Amended Complaint within seven (7) days of the issuance of this Order. SAHA's Motion to Dismiss Plaintiff's Class Action Complaint (Dkt. 23) is DENIED as moot.

## BACKGROUND

Plaintiff brought a class action, alleging Defendants SAHA, FFB, and CDLG (collectively, "Defendants"), violate the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii). Dkt. 1 ("Compl.") ¶ 1. Plaintiff alleges SAHA uses artificial or prerecorded voice to place autodialed nonemergency calls to cellular telephone numbers without prior express consent. *Id.* ¶¶ 2, 17–20. Beginning in December 2023, Plaintiff allegedly received several calls and prerecorded voicemails to his cellular telephone identifying a potential foreclosure and offering SAHA's services to assist with the pending foreclosure. *Id.* ¶¶ 15–16. According to Plaintiff, while SAHA purports to provide foreclosure relief services, it actually "uses that pretense to funnel those consumers to various for-profit enterprises, including law firms, banks, and real estate agents, including CDLG and FFB." *Id.* ¶¶ 3–4, 21–23.

---

[1] The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers listed natively.

Plaintiff also alleges CDLG and FFB are not only aware of SAHA's actions but approve of its actions and work with SAHA to procure additional consumer leads for their own pecuniary benefit. *Id.* ¶ 5.

On May 23, 2024, Plaintiff filed the Complaint, asserting a single cause of action, on behalf of the purported class, for placing, or causing another to place, artificial or prerecorded voice messages to Plaintiff's cellular telephone number, without prior express consent, in violation of 47 U.S.C. § 227(b)(1)(A)(iii). *Id.* ¶¶ 68–71.

On October 8, 2024, the court issued the Scheduling and Trial Order for this action. Dkt. 36. In the relevant part of that order, the court set December 27, 2024, as the last date for a hearing on motions to amend the pleadings or add parties. On January 13, 2025, Plaintiff filed the subject Motion, requesting leave to file an Amended Complaint (the "Proposed FAC") to name an additional entity, Professional Business Management Corporation ("PBM") as a defendant. Mot. at 2.

## **DISCUSSION**

### I. Legal Standard

"[W]hen a party seeks to amend a pleading after the pretrial scheduling order's deadline for amending the pleadings has expired, the moving party must satisfy the 'good cause' standard of Federal Rule of Civil Procedure 16(b)(4) ['Rule 16']" to modify the case schedule. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). If good cause is shown, the court applies the standard under Federal Rule of Civil Procedure 15 ("Rule 15") to determine whether amendment is proper. *Id.* at 608.

Outside the brief period in which "[a] party may amend its pleading once as a matter of course," "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should

3

freely give leave" for a party to amend its pleading "when justice so requires." *Id.* "This policy is to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation marks omitted). Granting leave to amend is left to "the sound discretion of the trial court[,] … guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

Leave to amend under Rule 15(a) should be "freely given" in the absence of specific reasons to deny the request, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment…." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Prejudice to the opposing party is the "touchstone of the inquiry under [R]ule 15(a)." *Eminence*, 316 F.3d at 1052 (quotation marks omitted). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original). The party opposing amendment bears the burden to present "strong evidence" that one or more of these factors warrant denial of leave to amend. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

## II. Analysis

### A. Timeliness of Motion

Defendants FFB and CDLG contend Plaintiff cannot establish diligence because "Plaintiff clearly knew or should have known he was going to proceed in this fashion given his attorney's knowledge of lawsuits alleging similar unsubstantiated facts and that the discovery responses have revealed that PBM is nothing more than a third-party company that provides business-related services to the Defendants[.]" FFB & CDLG Opp'n at 2. Plaintiff responds he acted diligently by seeking leave to

add PBM "[o]nly after FFB and SAHA provided verified discovery responses evidencing that PBM was an integral part of the pipeline funneling consumers from the 'charity' to the for-profit family business affiliates…." Dkt. 48 ("Reply) at 3 (citing Dkt. 40-2 at ¶¶ 10, 13–20).

After reviewing and considering the parties' arguments, the Complaint, and all relevant documents, the court finds Plaintiff has demonstrated sufficient diligence to establish good cause for the court to permit the proposed amendment. Plaintiff states he only confirmed PBM's potential role in conjunction with the other Defendants on December 20, 2024, when SAHA served its discovery responses. Mot. at 7. He filed the subject Motion on January 13, 2025, which was within a reasonable amount of time—especially considering the holidays. Although Defendants FFB and CDLG argue that Plaintiff should have been aware of PBM's role given Plaintiff's knowledge of similar lawsuits against SAHA, Defendants neither identify the other lawsuits, nor explain what information within these lawsuits would have alerted Plaintiff to the role of PBM. *See generally* SAHA Opp'n; FFB & CDLG Opp'n.

The court, therefore, finds Plaintiff's request for leave to amend is timely.

**B.  Futility**

"A district court does not err in denying leave to amend where the amendment would be futile, or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citations omitted). "[S]ince a challenged motion for leave to amend operates like a motion to dismiss, the Court accepts all factual allegations in the proposed amended complaint as true and construes them in the light most favorable to Plaintiffs for the purposes of their Motion." *Harper Constr. Co. v. Nat. Union Fire Ins. Co. of Pittsburgh, PA*, Case No. 3:18-cv-00471-BAS-NLS, 2020 WL 1820124, at *9 (S.D. Cal. Apr. 10, 2020).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

5

1  (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it
2  asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*
3  "While a complaint … does not need detailed factual allegations, a plaintiff's
4  obligation to provide the 'grounds' of his 'entitlement to relief' requires more than
5  labels and conclusions, and a formulaic recitation of the elements of a cause of action
6  will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted).

7    "Factual allegations must be enough to raise a right to relief above the
8  speculative level." *Id.* (internal citations omitted). "Determining whether a complaint
9  states a plausible claim for relief is 'a context-specific task that requires the reviewing
10 court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*,
11 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679). When evaluating
12 a complaint subject to dismissal, the court "must accept all well-pleaded material facts
13 as true and draw all reasonable inferences in favor of the plaintiff." *Caltex*, 824 F.3d
14 at 1159; *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir.
15 2008) ("We accept factual allegations in the complaint as true and construe the
16 pleadings in the light most favorable to the nonmoving party."). Legal conclusions,
17 however, "are not entitled to the assumption of truth" and "must be supported by
18 factual allegations." *Iqbal*, 556 U.S. at 679.

19    SAHA argues even if PBM was allegedly a "revenue-generation arm" of the
20 non-profit entity, SAHA, such allegations could not establish liability under the
21 TCPA. SAHA Opp'n at 3. According to SAHA, liability under the TCPA—absent
22 exceptions—can only attach to the parties that *initiate* pre-recorded calls to telephone
23 numbers without express consent, and adding PBM to the TCPA claim would be futile
24 because Plaintiff failed to allege PBM initiated any call to Plaintiff or any other
25 proposed class member. *Id.* (italics added). Plaintiff responds these claims are not
26 futile because PBM could be held liable for SAHA's actions under an agency theory,
27 such as ratification. Reply at 4.
28 / / /

6

47 U.S.C. § 227(b)(1)(A)(iii) states: "(1) It shall be unlawful for any person within the United States… (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call."[2]

In the Proposed FAC, Plaintiff alleges "SAHA also uses PBM—a for-profit entity—to staff its operations, and funnels money raised from its robocalling campaigns and related transactions to PBM, in order to maintain the veneer that SAHA is a not-for-profit enterprise." Dkt. 40-7 at 3. Specifically, Plaintiff alleges PBM provides staffing for SAHA and FFB and pays the employees used by those entities, with "large portions of their compensation" tied to "commissions off each distressed consumer who 1) refinanced a loan through NACA Law or its affiliated broker; 2) signed a representation agreement with CDLG; 3) or filed litigation through CDLG." *Id.* at 12–13 (quotation marks and citations omitted). According to Plaintiff, "Defendants appear to operate a collective joint enterprise to deliver robocalls to the cellular telephone numbers of consumers who Defendants believe to be at or near foreclosure, and then seek to transact with those consumers by steering them towards predatory loans, real estate transactions, or other financial dealings." *Id.* at 13.

For purposes of the subject Motion, these allegations are sufficient for Plaintiff to plead plausibly that PBM violated the provisions of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).[3] The court, therefore, will not deny the Motion because of futility.

---

[2] This formulation of the statute omits language invalidated and severed from the remainder of the statute in *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 591 U.S. 610, 636 (2020).

[3] Because the court makes this finding, it does not address Plaintiff's argument that PBM could be liable under an agency theory, such as ratification.

### C. Prejudice

Finally, SAHA contends the Motion should be denied because permitting amendment would create undue delay and prejudice to Defendants by necessitating further and more extensive discovery, disrupting the case schedule. SAHA Opp'n at 4–5.

The parties have not completed fact discovery. Based on the procedural posture of the action, the court finds that any prejudice Defendants may suffer due to the amendment does not rise to the level necessary to warrant denial of leave to amend. *See Sonoma Cnty.*, 708 F.3d at 1117. The court will not deny the Motion on this basis.

### CONCLUSION

For the aforementioned reasons, the court finds Plaintiff has established sufficient diligence and good cause for the court to permit the proposed amendment. Defendants, in turn, do not meet their burden of overcoming the strong presumption in favor of allowing amendment. *See Foman*, 371 U.S. at 182; *Eminence*, 316 F.3d at 1052; *Sonoma Cnty.*, 708 F.3d at 1117.

The court, therefore, GRANTS the Motion (Dkt. 40) and AUTHORIZES Plaintiff to file the Proposed First Amended Complaint within seven (7) days of this Order. Defendant Serve All, Help All, Inc.'s Motion to Dismiss Plaintiff's Class Action Complaint (Dkt. 23) is DENIED as moot.

IT IS SO ORDERED.

Dated: March 4, 2025

FERNANDO L. AENLLE-ROCHA
United States District Judge